IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
v. ) Case No. 18-01051
)
APPROXIMATELY $239,760.00 )
IN UNITED STATES CURRENCY, )
)
Defendant. )
)

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $239,760.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $239,760.00 in United States currency that was seized on January 25, 2018 by the Kansas Highway Patrol during a routine traffic stop of a vehicle driven by Cornelio Rascon-Caraveio on I-70 at milepost 184 in Russell County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

DECLARATION

I, Douglas W. Carr, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of February, 2018.

TFO Douglas W. Carr
DEA

**AFFIDAVIT**

I, Douglas W. Carr, being first duly sworn, depose and state:

1. I have been employed as a Kansas Highway Patrol (KHP) Trooper for over 18 years and have been cross-designated as a DEA Task Force Officer for 2 years. My duties include investigation of violations of the Controlled Substance Act, title 21 of the United States Code and the forfeitures thereto.
2. The information contained in this affidavit is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a civil forfeiture proceeding.
3. On January 25, 2018, KHP Trooper Jerrad Goheen stopped a white 2009 Lincoln SUV bearing New Mexico registration 193TTS, on I-70 at mile marker 184 in Russell County, Kansas. The reason for the stop was failure to maintain lane.
4. The driver and only occupant of the vehicle was identified by his New Mexico driver license as Cornelio RASCON-Caraveo. While standing at the window of RASCON-Caraveio Trooper Goheen could smell the strong odor of chemical coming from the interior of the vehicle. Due to Trooper Goshen's training and experience he has associated the chemical smell with false compartments in vehicles. Trooper Goheen noted several inconsistences in RASCON-Caraveio's statements.
5. After completing the stop, Trooper Goheen asked for and received consent to search the vehicle. During the search Trooper Goheen, with the assistance of Kansas Highway Patrol Lt. Scott Walker, notice that the rear bumper bolts had been recently removed, were only hand tightened, and had several scratches on and around the bolts. Lt. Walker's certified drug dog also alerted on the vehicle.

6. In a false compartment behind the bumper Trooper Goheen found 24 bundles of U.S. currency totaling approximately $239,760.00. All the bundles were wrapped in box tape and clear vacuum sealed plastic.

7. After waiving his rights per Miranda, RASCON-Caraveio said that the currency did not belong to him. RASCON-Caraveio stated several times that he did not know to whom the currency belonged.

8. Based on the information above, I have probable cause to believe that the approximately $239,760.00 seized in this investigation by Trooper Goheen constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. Accordingly, the $239,760.00 is subject to forfeiture pursuant to 21 U.S.C. § 881.

Douglas W. Carr, TFO
DEA

Sworn to and subscribed before me this 14 day of February, 2018.

NOTARY PUBLIC OFFICIAL SEAL STATE OF KANSAS
JOSH BIERA
MY COMMISSION EXPIRES
7-18-2018

Notary Public

My Commission Expires: 7-18-2018